**Harold L. LEE, Libelant,**

v.

**M/S INSCO JEM, Respondent,**

and

**PENSACOLA STEVEDORING COMPA-NY, a Corporation, Third-Party Respondent.**

No. 1480.

United States District Court
N. D. Florida,
Pensacola Division.

Aug. 26, 1966.

Paul Shimek, Jr., Pensacola, Fla., for libelant.

W. Spencer Mitchem, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, Fla., for respondent M/S Insco Jem.

James E. Hertz, of Fisher & Hepner, Pensacola, Fla., for third-party respondent, Pensacola Stevedoring Co.

## FINAL JUDGMENT

CARSWELL, Chief Judge.

This cause coming on to be heard before this Court without a jury and the Third Party Respondent, Pensacola Stevedoring Company, having assumed the defense for the Respondent, M/S Insco Jem, and the Court having heard all the testimony presented by the Libelant and Third Party Respondent, through their attorneys, the Court makes the following findings of fact:

On September 21, 1964, the Libelant, Lee, was engaged as a member of a longshoreman gang in removing logs from the deck of the merchant ship Insco Jem. The longshoreman gang was directly controlled by a foreman who was supervising the operation. The Libelant's task was that of handling a line attached to an end hook. The end hooks are used to engage the two ends of a log to effect the loading and/or unloading of the log over the side of the ship. The gang, at the time of the injury to Libelant, was in the process of moving a large log, four and one half feet in diameter at the large end and three feet at the smaller end.

In moving the log, a set of tongs was added to the falls. The tongs were placed near the larger end of the log. The end hooks remained in place on the falls and were not removed during the time that the tongs were being used.

Libelant Lee was positioned at the after end of the log. The foreman, Bascom Quattlebaum, was standing next to Lee. After the tongs were applied the foreman Quattlebaum signaled the winchman to apply a strain. The tongs slipped or somehow cleared from the log. Either the tongs hit Lee in the forehead, or the tongs first hit the end hooks which then in turn hit Lee in the forehead. Lee was subsequently confined in the hospital for one full week.

The practice of using tongs without taking off the end hooks has long been an accepted procedure in discharging logs of vessels in the Gulf Coast area. The long line attached to the end hooks are used for handling the hooks embedded in the ends of logs as they are lowered below decks or brought up from below, as well as on decks. However, the long lines can also serve as a safety valve, giving the longshoremen an opportunity to get out of

danger by removing themselves while still exercising some control over the embedded hooks.

One of the members of the gang, Dalphus Paul, whose job was identical to the Libelant Lee's except for handling the hooks on the other end of the log, backed off and got out of danger in time to avoid injury. Lee did not have that opportunity because another crew was working in the area to where he might have escaped. Bascom Quattlebaum, a foreman with considerable experience in the handling of logs with tongs and hooks, testified and the Court finds that the use of both tongs and hooks at the same time was totally unnecessary.

The Court finds that it was a simple procedure to remove the end hooks. There was no conflict in the testimony concerning the non-defectiveness and seaworthiness of the end hooks, the tongs, or any of the ship's apparatus. The Court finds that similar incidents of this nature have occurred before but that no person had ever been hurt or injured as in this particular incident. The Court finds that the tong itself might be an inadequate tool for the purpose for which it was intended, but this is not clear in the record. The exact reason for the tong's tearing loose or slipping from the large log was not clearly ascertained.

█ The Court concludes that the Stevedore's method of discharging the logs by using end hooks and tongs simultaneously under all these recited circumstances failed to conform to the standard of reasonable care and thereby created a hazardous condition. The Stevedore's negligent use of the equipment created an unsafe place to work. The Court further concludes that the merchant ship Insco Jem was not a fit, safe place to work under these circumstances and was therefore unseaworthy. The Court finds no contributory negligence on the part of the Libelant Lee to diminish the amount of his recovery. The unseaworthiness was the proximate cause of the injury.

█ The Court finds the ear injury testified to by two doctors was not related to the original injury which resulted in this cause of action. The Court awards damages in the amount of $12,552.38.

The evidence shows that the Third Party Respondent, Pensacola Stevedoring Company, has provided the Libelant with benefits under the Longshoremen's and Harbor Workers' Compensation Act. All payments made by the Third Party Respondent, thereunder, shall be credited against this judgment.